**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:23-cv-00736-NRN

NICHOLAS MUNDEN,

      Plaintiff,

v.

MICHAEL PINEDA, individually;
CITY AND COUNTY OF DENVER, a municipality,

      Defendants.

---

**DEFENDANT MICHAEL PINEDA'S ANSWER TO PLAINTIFF'S CIVIL RIGHTS COMPLAINT WITH REQUEST FOR TRIAL BY JURY**

---

Defendant, Michael Pineda ("Defendant Pineda") by and through his counsel, William T. O'Connell, III of Wells, Anderson & Race, LLC hereby submits his Answer to Plaintiff's Civil Rights Complaint with Request for Trial by Jury [Doc. No. 1] ("Complaint"), and states as follows:

## I.    <u>INTRODUCTION</u>

1.    Defendant Pineda denies the allegations of Paragraph 1.

2.    Defendant Pineda denies that he acted in violation of any law or constitutional obligation, denies that he assaulted Plaintiff and denies that Plaintiff is entitled to any of the relief requested in the Complaint. Defendant Pineda is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 2 and, therefore, denies the same.

3.    Defendant Pineda denies the allegations of Paragraph 3.

## II.    JURISDICTION AND VENUE

4.      Defendant Pineda admits that Plaintiff brings this action but denies that Plaintiff is entitled to any of the relief requested in the Complaint.  Defendant Pineda denies that he acted in violation of any law or constitutional obligation.

5.      Defendant Pineda admits that this Court has jurisdiction but denies that Plaintiff is entitled to any of the relief requested in the Complaint.  Defendant Pineda denies that he acted in violation of any law or constitutional obligation.

6.      Defendant Pineda admits that venue is proper in this District but denies that Plaintiff is entitled to any of the relief requested in the Complaint.  Defendant Pineda denies that he acted in violation of any law or constitutional obligation.

## III.    PARTIES

7.      Defendant Pineda reincorporates and realleges his responses to Paragraphs 1 through 6 above as if fully set forth herein.

8.      Defendant Pineda is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 and, therefore, denies the same.

9.      Defendant Pineda admits that he is a citizen of the United States and resident of the State of Colorado. Defendant Pineda admits that he was acting within the scope of his official duties and employment and under color of law in his capacity as a law enforcement officer employed by the Denver Police Department ("DPD"). Defendant Pineda denies that Plaintiff is entitled to any of the relief requested in the Complaint and denies that he acted in violation of any law or constitutional obligation.

10.     Defendant Pineda is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 and, therefore, denies the same.

## IV. <u>STATEMENT OF FACTS</u>

### A. The Morning at the Art Hotel Denver

11.     Defendant Pineda reincorporates and realleges his responses to Paragraphs 1 through 10 above as if fully set forth herein.

12.     Defendant Pineda is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 and, therefore, denies the same.

13.     Defendant Pineda admits that he arrived at the Art Hotel ("Hotel") in Denver on May 9, 2022.

14.     Defendant Pineda admits the allegations of Paragraph 14.

15.     Defendant Pineda admits the allegations of Paragraph 15.

16.     Defendant Pineda admits the allegations of Paragraph 16

17.     Defendant Pineda admits that he had a conversation with Plaintiff in the stairwell of the Hotel. Defendant Pineda is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 17 and, therefore, denies the same.

18.     Defendant Pineda denies the allegations of Paragraph 18.

19.     Defendant Pineda admits the allegations of Paragraph 19.

20.     Defendant Pineda admits that he had a conversation with the Hotel Manager and that the Manager conveyed to him Hotel guests' complaints about Plaintiff. Defendant Pineda further admits that the Manager told him that the Hotel was going to ask Plaintiff to vacate.

21.     Defendant Pineda admits that the guests' complaints as conveyed by the Hotel manager appear to have been of a non-violent nature.

22.     Defendant Pineda admits that at a certain point during his interaction with Plaintiff in the stairwell of the Hotel he advised Plaintiff that he was under arrest.

23.     Defendant Pineda denies the allegations of Paragraph 23.

24.     Defendant Pineda admits that Plaintiff pushed and punched him during his interaction with Plaintiff. Defendant Pineda is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 24 and, therefore, denies the same.

25.     Defendant Pineda admits that at some point during his interaction with Plaintiff in the stairwell of the Hotel his bodycam fell to the ground.

26.     Defendant Pineda admits that the bodycam video is blank for a period of time after the bodycam fell to the ground. Defendant Pineda is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 26 and, therefore, denies the same.

27.     Defendant Pineda denies the allegations of Paragraph 27.

28.     Defendant Pineda admits that he interacted with Plaintiff in the Hotel's lobby. Defendant Pineda admits that portions of his interaction with Plaintiff in the Hotel's lobby were captured on the Hotel's security camera.

29.     Defendant Pineda denies that Plaintiff had not engaged in an assault prior to re-entering the Hotel. Defendant Pineda is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 29 and, therefore, denies the same.

30.     Defendant Pineda denies the allegations of Paragraph 30.

31.     Defendant Pineda denies the allegations of Paragraph 31.

32.     Defendant Pineda denies the allegations of Paragraph 32.

33.     Defendant Pineda denies that Plaintiff repeatedly flinched. Defendant Pineda is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 33 and, therefore, denies the same.

34.     Defendant Pineda denies the allegations of Paragraph 34.

35.     Defendant Pineda admits that he struck Plaintiff in the leg and arm with his baton.

36.     Defendant Pineda admits that Plaintiff attempted to take his baton. Defendant Pineda denies that he attacked Plaintiff. Defendant Pineda denies the remaining allegations of Paragraph 36.

37.     Defendant Pineda denies the allegations of Paragraph 37.

38.     Defendant Pineda admits that Plaintiff moved behind a sculpture in the Hotel lobby and attempted to push the sculpture onto him. Defendant Pineda denies the remaining allegations of Paragraph 38.

39.     Defendant Pineda admits that he drew his taser at a certain point and pointed it in Plaintiff's direction.

40.     Defendant Pineda denies the allegations of Paragraph 40.

41.     Defendant Pineda admits that he advised dispatch for code 10 cover at a certain point during his interaction with Plaintiff. Defendant Pineda denies that he knew when backup officers would arrive on scene.

42.     Defendant Pineda denies the allegations of Paragraph 42.

43.     Defendant Pineda admits that he deployed his taser and it struck Plaintiff. Defendant Pineda is without knowledge as to the length of time between drawing his taser and deploying it. Defendant Pineda denies the remaining allegations of Paragraph 43.

44.     Defendant Pineda admits that Plaintiff fell to the ground. Defendant Pineda is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 44 and, therefore, denies the same.

45.     Defendant Pineda admits that he deployed his taser a second time because Plaintiff began removing the probes from the initial deployment. Defendant Pineda is without knowledge as to the length of time between the taser deployments.

46.     Defendant Pineda admits that he drive stunned Plaintiff because Plaintiff continued his resistance and efforts to remove the wires and probes from the two taser deployments. Defendant Pineda is without knowledge as to the length of time between the taser deployments.

47.     Defendant Pineda admits that at a certain point Officers Logue and Singapuri arrived on scene.

48.     Defendant Pineda admits that Plaintiff screamed. Defendant Pineda is without knowledge or information as to the truth of the remaining allegations of Paragraph 48.

49.     Defendant Pineda admits that he drive stunned Plaintiff a second time because the first drive stun was ineffective. Defendant Pineda is without knowledge as to the length of time between the taser deployments.

50.     Defendant Pineda denies that he ever assaulted Plaintiff, denies that he used excessive force on Plaintiff and denies that he acted in violation of any law or constitutional obligation.

51.     Defendant Pineda admits that Officers Logue and Singapuri assisted him in trying to prevent Plaintiff from kicking and place Plaintiff into custody.

52.     Defendant Pineda admits that Plaintiff was on his back facing him at a certain point while Plaintiff was resisting on the ground.

53.     Defendant Pineda admits that he had his taser in his right hand while Plaintiff was on the ground.

54.     Defendant Pineda denies the allegations of Paragraph 54.

55.     Defendant Pineda denies the allegations of Paragraph 55.

56.     Defendant Pineda denies the allegations of Paragraph 56.

57.     Defendant Pineda denies that he used excessive force on Plaintiff and denies that he acted in violation of any law or constitutional obligation.

58.     Defendant Pineda denies that he used excessive force on Plaintiff and denies that he acted in violation of any law or constitutional obligation. Defendant Pineda is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 58 and, therefore, denies the same.

59.     Defendant Pineda admits that Sergeant Kelly's bodycam footage speaks for itself.

60.     Defendant Pineda admits that Sergeant Kelly's bodycam footage speaks for itself.

61.     Defendant Pineda admits that Sergeant Kelly's bodycam footage speaks for itself. Defendant Pineda denies that he ever attacked Plaintiff.

62.     Defendant Pineda admits that Sergeant Kelly's bodycam footage speaks for itself.

63.     Defendant Pineda admits that Sergeant Kelly's bodycam footage speaks for itself. Defendant Pineda denies that he pushed his taser against the right temple of Plaintiff's head and pulled the trigger.

64.     Defendant Pineda admits that Sergeant Kelly's bodycam footage speaks for itself.

65.     Defendant Pineda admits that Sergeant Kelly's bodycam footage speaks for itself.

66.     Defendant Pineda admits that Sergeant Kelly's bodycam footage speaks for itself.

67.     Defendant Pineda denies the allegations of Paragraph 67.

68.     Defendant Pineda admits that Sergeant Kelly's bodycam footage speaks for itself.

69.     Defendant Pineda admits that Sergeant Kelly's bodycam footage speaks for itself.

70.     Defendant Pineda denies the allegations of Paragraph 70.

**B.  Police Reports Following the Incident**
*Officer Pineda's Statement of Probable Cause*

72.     Defendant Pineda admits that his Statement of Probable Cause speaks for itself.[1]

73.     Defendant Pineda admits that the "video evidence" speaks for itself.

74.     Defendant Pineda admits that the "video evidence" speaks for itself.

75.     Defendant Pineda admits that his Statement of Probable Cause speaks for itself.

76.     Defendant Pineda denies the allegations of Paragraph 76.

77.     Defendant Pineda admits that his Statement of Probable Cause speaks for itself.

78.     Defendant Pineda admits that his Statement of Probable Cause speaks for itself.

*Officer Pineda's Initial Report/Narrative*

79.     Defendant Pineda admits that his Initial Report/Narrative speaks for itself.

---

[1]     Plaintiff's Complaint does not include a Paragraph 71.

80.    Defendant Pineda admits that his Initial Report/Narrative speaks for itself.

81.    Defendant Pineda admits that his Initial Report/Narrative speaks for itself.

*Statement of Officer John D. Singapuri*

82.    Defendant Pineda admits that Officer Singapuri's Statement speaks for itself.

83.    Defendant Pineda admits that Officer Singapuri's Statement speaks for itself.

*Statement of Officer John Logue*

84.    Defendant Pineda admits that Officer Logue's Statement speaks for itself.

85.    Defendant Pineda admits that Officer Logue's Statement speaks for itself.

*Supplementary Report and Follow-Up Investigation of Detective Brian D. Sides*

86.    Defendant Pineda admits the allegations of Paragraph 86.

87.    Defendant Pineda admits that Detective Sides' Report speaks for itself.

88.    Defendant Pineda admits that Detective Sides' Report speaks for itself.

89.    Defendant Pineda admits that Detective Sides' Report speaks for itself.

*Sergeant Ron Kelly's Supervisor's Use of Force Report*

90.    Defendant Pineda admits that Sergeant Kelly's Report speaks for itself.

91.    Defendant Pineda admits that Sergeant Kelly's Report speaks for itself.

92.    Defendant Pineda admits that Sergeant Kelly's Report speaks for itself.

93.    Defendant Pineda admits that Sergeant Kelly's Report speaks for itself.

94.    Defendant Pineda admits that Sergeant Kelly's Report speaks for itself. Defendant
Pineda denies that Sergeant Kelly furthered "his narrative of reasonableness from unqualified
individuals."

95.     Defendant Pineda admits that Sergeant Kelly's Report speaks for itself. Defendant Pineda denies that Ms. Riggs's statement is incomplete.

96.     Defendant Pineda admits that Sergeant Kelly's Report speaks for itself.

97.     Defendant Pineda admits that Sergeant Kelly's Report speaks for itself. Defendant Pineda denies that he tased Plaintiff in the head.

98.     Defendant Pineda admits that Sergeant Kelly's Report speaks for itself.

99.     Defendant Pineda denies that Sergeant Kelly's Report contains any statements form a "Matthew Fisher."

100.    Defendant Pineda admits that the Recommendation section of Sergeant Kelly's Supervisor's Use of Force Cover Sheet states: "Based on all the evidence and statements gathered and available at this time, I see no need for further investigation."

101.    Defendant Pineda denies that he used excessive force on Plaintiff and denies that he acted in violation of any law or constitutional obligation.

## V. <u>ARGUMENT</u>

### A. Denver Police Department Failed to Investigate and Discipline Officer Pineda

102.    Defendant Pineda reincorporates and realleges his responses to Paragraphs 1 through 101 above as if fully set forth herein.

103.    Defendant Pineda denies that Sergeant Kelly did not perform an investigation into his use of force on Plaintiff.

104.    Defendant Pineda denies that he tased Plaintiff in the head. Defendant Pineda denies the remaining allegations of Paragraph 104.

105.    Defendant Pineda admits that DPD's Operations Manual speaks for itself. Defendant Pineda denies that he violated DPD's Operations Manual.

106.    Defendant Pineda admits that DPD's Operations Manual speaks for itself. Defendant Pineda denies that he violated DPD's Operations Manual.

107.    Defendant Pineda admits that DPD's Operations Manual speaks for itself. Defendant Pineda denies that he violated DPD's Operations Manual.

108.    Defendant Pineda admits that DPD's Operations Manual speaks for itself. Defendant Pineda denies that he violated DPD's Operations Manual.

109.    Defendant Pineda admits that DPD's Operations Manual speaks for itself. Defendant Pineda denies that he violated DPD's Operations Manual.

110.    Defendant Pineda admits that DPD's Operations Manual speaks for itself. Defendant Pineda denies that he violated DPD's Operations Manual.

111.    Defendant Pineda admits that DPD's Operations Manual speaks for itself. Defendant Pineda denies that he violated DPD's Operations Manual.

112.    Defendant Pineda denies the allegations of Paragraph 112.

113.    Defendant Pineda admits the allegations of Paragraph 113.

114.    Defendant Pineda denies the allegations of Paragraph 114.

115.    Defendant Pineda denies the allegations of Paragraph 115.

116.    Defendant Pineda denies the allegations of Paragraph 116.

117.    Defendant Pineda admits the allegations of Paragraph 117.

118.    Defendant Pineda denies the allegations of Paragraph 118.

119.    Defendant Pineda denies the allegations of Paragraph 119.

120.    Defendant Pineda denies the allegations of Paragraph 120.

121.    Defendant Pineda admits the allegations of Paragraph 121.

122.    Defendant Pineda denies the allegations of Paragraph 122.

123.    Defendant Pineda denies the allegations of Paragraph 123.

124.    Defendant Pineda denies the allegations of Paragraph 124.

125.    Defendant Pineda admits the allegations of Paragraph 125.

126.    Defendant Pineda denies the allegations of Paragraph 126.

127.    Defendant Pineda denies the allegations of Paragraph 127.

128.    Defendant Pineda denies the allegations of Paragraph 128.

129.    Defendant Pineda denies the allegations of Paragraph 129.

130.    Defendant Pineda admits that DPD's Operations Manual speaks for itself. Defendant Pineda denies that he tased Plaintiff in the head and/or spinal column. Defendant Pineda denies that he violated DPD's Operations Manual.

131.    Defendant Pineda denies that he tased Plaintiff in the head, denies that he used excessive force on Plaintiff and denies that he acted in violation of any law or constitutional obligation. Defendant Pineda denies the remaining allegations of Paragraph 131.

132.    Defendant Pineda denies the allegations of Paragraph 132.

**B. Officer Pineda's Alleged History of Misconduct**

133.    Defendant Pineda is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 133 and, therefore, denies the same.

134.    Defendant Pineda denies the allegations of Paragraph 134.

135.    Defendant Pineda denies the allegations of Paragraph 135.

136.     Defendant Pineda denies the allegations of Paragraph 136.

137.     Defendant Pineda admits that on the day of the incident that forms the basis of Plaintiff's Complaint, he was acting within the scope of his official duties and employment and under color of law in his capacity as a law enforcement officer employed by the DPD. Defendant Pineda denies that he acted in violation of any law or constitutional obligation on the day of the incident that forms the basis of Plaintiff's Complaint.

138.     Defendant Pineda admits the allegations of Paragraph 138.

### C. Denver Police Department Has a Custom, Practice, and Policy of Excessive Force & Unlawful Seizures

139.     Defendant Pineda denies that he used excessive force on Plaintiff and denies that he acted in violation of any law or constitutional obligation. Defendant Pineda denies the remaining allegations of Paragraph 139.

140.     Defendant Pineda denies that he used excessive force on Plaintiff and denies that he acted in violation of any law or constitutional obligation. Defendant Pineda denies the remaining allegations of Paragraph 140.

141.     Defendant Pineda denies that he used excessive force on Plaintiff and denies that he acted in violation of any law or constitutional obligation. Defendant Pineda denies the remaining allegations of Paragraph 141.

142.     Defendant Pineda denies the allegations of Paragraph 142.

143.     Defendant Pineda denies the allegations of Paragraph 143.

144.     Defendant Pineda is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 144 and, therefore, denies the same.

145.    Defendant Pineda is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 145 and, therefore, denies the same.

146.    Defendant Pineda denies that he used excessive force on Plaintiff and denies that he acted in violation of any law or constitutional obligation. Defendant Pineda is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 146 and, therefore, denies the same.

147.    Defendant Pineda denies that he used excessive force on Plaintiff and denies that he acted in violation of any law or constitutional obligation. Defendant Pineda is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 147 and, therefore, denies the same.

148.    Defendant Pineda denies that he used excessive force on Plaintiff, denies that he assaulted Plaintiff and denies that he acted in violation of any law or constitutional obligation. Defendant Pineda denies the remaining allegations of Paragraph 148.

149.    Defendant Pineda denies the allegations of Paragraph 149.

150.    Defendant Pineda denies the allegations of Paragraph 150.

151.    Defendant Pineda denies that he used excessive force on Plaintiff, denies that he acted in violation of any law or constitutional obligation and denies that Plaintiff is entitled to any of the relief requested in the Complaint.

## VI. <u>CLAIMS FOR RELIEF</u>

**FIRST CLAIM FOR RELIEF**
**42 U.S.C. § 1983 – Excessive Force in Violation of The Fourth Amendment**
(Plaintiff Against Defendants)

152.    Defendant Pineda reincorporates and realleges his responses to Paragraphs 1 through 151 above as if fully set forth herein.

153.    The allegations of Paragraph 153 call for a legal conclusion and therefore no response is required.  To the extent a response is required, Defendant Pineda is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 153 and therefore denies the same.

154.    Defendant Pineda is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's citizenship. The remaining allegations of Paragraph 154 call for a legal conclusion and therefore no response is required.  To the extent a response is required, Defendant Pineda is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 154 and therefore denies the same.

155.     Defendant Pineda admits that he was acting within the scope of his official duties and employment and under color of law in his capacity as a law enforcement officer employed by the DPD. Defendant Pineda denies that he acted in violation of any law or constitutional obligation.

156.    Defendant Pineda denies that he used excessive force on Plaintiff and denies that he acted in violation of any law or constitutional obligation. The remaining allegations of Paragraph 156 call for a legal conclusion and therefore no response is required.  To the extent a response is required, Defendant Pineda is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 156 and therefore denies the same.

157.    Defendant Pineda denies that he used excessive force on Plaintiff and denies that he acted in violation of any law or constitutional obligation. The remaining allegations of Paragraph 157 call for a legal conclusion and therefore no response is required.  To the extent a

response is required, Defendant Pineda is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 157 and therefore denies the same.

158.    Defendant Pineda denies that he used excessive force on Plaintiff, denies that he acted in violation of any law or constitutional obligation and denies that he violated DPD's Operations Manual.

159.    Defendant Pineda denies that he used excessive force on Plaintiff, denies that he pressed his taser against Plaintiff's head, denies that he acted in violation of any law or constitutional obligation and denies that he violated DPD's Operations Manual.

160.    Defendant Pineda denies that he used excessive force on Plaintiff and denies that he acted in violation of any law or constitutional obligation. Defendant Pineda denies the remaining allegations of Paragraph 160.

161.    Defendant Pineda denies that he used excessive force on Plaintiff and denies that he acted in violation of any law or constitutional obligation. Defendant Pineda denies the remaining allegation of Paragraph 161.

162.    Defendant Pineda denies the allegations of Paragraph 162.

163.    Defendant Pineda denies the allegations of Paragraph 163.

164.    Defendant Pineda denies the allegations of Paragraph 164.

165.    Defendant Pineda denies that he used excessive force on Plaintiff, denies that he acted in violation of any law or constitutional obligation and denies that Plaintiff is entitled to any of the relief requested in the Complaint. Defendant Pineda denies the remaining allegation of Paragraph 165.

**SECOND CLAIM FOR RELIEF**
**42 U.S.C. § 1983 – Failure to Train and Supervise**
(Against the City and County of Denver)

166.    Defendant Pineda reincorporates and realleges his responses to Paragraphs 1 through 165 above as if fully set forth herein.

167.    The allegations of the Second Claim for Relief are not directed against Defendant Pineda and no further response is required.  To the extent a further response is required, Defendant Pineda denies all of the allegations of the Second Claim for Relief.

168.    The allegations of the Second Claim for Relief are not directed against Defendant Pineda and no further response is required.  To the extent a further response is required, Defendant Pineda denies all of the allegations of the Second Claim for Relief.

169.    The allegations of the Second Claim for Relief are not directed against Defendant Pineda and no further response is required.  To the extent a further response is required, Defendant Pineda denies all of the allegations of the Second Claim for Relief.

170.    The allegations of the Second Claim for Relief are not directed against Defendant Pineda and no further response is required.  To the extent a further response is required, Defendant Pineda denies all of the allegations of the Second Claim for Relief.

171.    The allegations of the Second Claim for Relief are not directed against Defendant Pineda and no further response is required.  To the extent a further response is required, Defendant Pineda denies all of the allegations of the Second Claim for Relief.

172.    The allegations of the Second Claim for Relief are not directed against Defendant Pineda and no further response is required.  To the extent a further response is required, Defendant Pineda denies all of the allegations of the Second Claim for Relief.

173.    The allegations of the Second Claim for Relief are not directed against Defendant Pineda and no further response is required.  To the extent a further response is required, Defendant Pineda denies all of the allegations of the Second Claim for Relief.

174.    The allegations of the Second Claim for Relief are not directed against Defendant Pineda and no further response is required.  To the extent a further response is required, Defendant Pineda denies all of the allegations of the Second Claim for Relief.

**THIRD CLAIM FOR RELIEF**
**C.R.S. § 13-21-131 – Colo. Const. Art. II, Section 25**
**Excessive Force**
(Against Officer Pineda)

175.    Defendant Pineda reincorporates and realleges his responses to Paragraphs 1 through 174 above as if fully set forth herein.

176.    Defendant Pineda admits that he was acting within the scope of his official duties and employment and under color of law in his capacity as a law enforcement officer employed by the DPD. Defendant Pineda denies that he acted in violation of any law or constitutional obligation.

177.    Defendant Pineda denies that he used excessive force on Plaintiff and denies that he acted in violation of any law or constitutional obligation. The remaining allegations of Paragraph 177 call for a legal conclusion and therefore no response is required.

178.    Defendant Pineda denies that he used excessive force on Plaintiff and denies that he acted in violation of any law or constitutional obligation. Defendant Pineda denies the remaining allegations of Paragraph 178.

179.    Defendant Pineda denies that he used excessive force on Plaintiff and denies that he acted in violation of any law or constitutional obligation. Defendant Pineda denies the remaining allegations of Paragraph 179.

180.    Defendant Pineda denies the allegations of Paragraph 180.

181.    Defendant Pineda denies the allegations of Paragraph 181.

182.    Defendant Pineda denies that he used excessive force on Plaintiff and denies that he acted in violation of any law or constitutional obligation. Defendant Pineda denies the remaining allegations of Paragraph 182.

183.    Defendant Pineda denies the allegations of Paragraph 183.

## VII. <u>PRAYER FOR RELIEF</u>

Defendant Pineda denies that Plaintiff is entitled to any of the relief requested.

## <u>DEFENSES AND AFFIRMATIVE DEFENSES</u>

1.    Plaintiff's Complaint fails to state a claim as to which any relief may be granted against Defendant Pineda.

2.    All or part of Plaintiff's claims fail to achieve the level of any constitutional violation sufficient to state a claim under 42 U.S.C. § 1983 or otherwise.

3.    Defendant Pineda is entitled to qualified immunity with respect to any alleged violation of Plaintiff's constitutional rights or otherwise pursuant to 42 U.S.C. § 1983 for all claims asserted against him in his individual capacity.

4.    Defendant Pineda lacked the requisite intent to establish any claim against him in this action.

5.    At all times pertinent herein, Defendant Pineda acted in accordance with all common law, statutory and United States and Colorado constitutional obligations and without any intent to cause Plaintiff harm.

6.    Defendant Pineda did not breach any legal duty allegedly owed to Plaintiff.

7.      Plaintiff's injuries and damages, if any, were proximately caused by his own acts or omissions, either independent of or in combination with or through the acts or omissions of third parties, over whom Defendant Pineda possessed no ability to control or right of control.

8.      Plaintiff's injuries and damages, if any, should be reduced or barred by any fault attributable either to the Plaintiff himself or to any third parties over which Defendant Pineda had no right of control.

9.      Some or all of Plaintiff's injuries and damages, if any, were either pre-existing or not aggravated by any action or omission of Defendant Pineda, nor proximately caused by or related to any act or omission of Defendant Pineda.

10.     Plaintiff's alleged injuries and damages, if any, must not include an award of damages for any pre-existing condition, which must be apportioned from any alleged injury or damage attributable to the facts at issue in this case.

11.     Plaintiff's claims may be barred or limited by the doctrine of offset, including, but not limited to, offset as a result of settlement with former parties to this litigation or third parties.

12.     Defendant Pineda did not improperly fail to intervene in any allegedly unconstitutional conduct by any third party.

13.     Defendant Pineda was lawfully exercising the powers conferred upon him and was justified in any use of force.

14.     Defendant Pineda used no more force than reasonable under the circumstances.

15.     The actions of Defendant Pineda were at all times legally privileged.

16.     Plaintiff's allegations and claims against Defendant Pineda are limited or barred by the doctrine of legal justification.

17.    All actions of Defendant Pineda were objectively reasonable.

18.    The force used by Defendant Pineda was objectively reasonable.

19.    The law was not clearly established in May 2022 such that a reasonable officer in Defendant Pineda's position under the factual circumstances he faced in this situation would have been on notice that his conduct was unlawful.

20.    Plaintiff may have failed to reasonably mitigate his alleged damages, if any.

21.    Defendant Pineda incorporates by reference all applicable defenses and affirmative defenses asserted by any other Defendant in this action.

22.    Defendant Pineda specifically reserves the right to amend this Answer to include additional defenses and affirmative defenses, or delete defenses and affirmative defenses that become non-applicable upon completion of additional discovery.

**DEFENDANT MICHAEL PINEDA DEMANDS A TRIAL BY JURY.**

Dated this 4th day of May 2023.

Respectfully submitted,

_s/ William T. O'Connell, III_____
William T. O'Connell, III
WELLS, ANDERSON & RACE, LLC
1700 Broadway, Suite 900
Denver, CO  80290
Telephone:  303-830-1212
Email:  _woconnell@warllc.com_

***ATTORNEYS FOR DEFENDANT***
***MICHAEL PINEDA***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this 4th day of May 2023, filed the foregoing **DEFENDANT MICHAEL PINEDA'S ANSWER TO PLAINTIFF'S CIVIL RIGHTS COMPLAINT WITH REQUEST FOR TRIAL BY JURY** with the Clerk of the Court using the CM/ECF system to the following counsel of record in this action:

Jon Michael Topolewski, Esq.
Matthew W. Hamblin, Esq.
Robinson and Henry
216 16th Street, Suite 750
Denver, CO 80202
Email: jon@robinsonandhenry.com
Email: matthew.hamblin@robinsonandhenry.com

*Attorneys for Plaintiff*

Kevin McCaffrey, Assistant City Attorney
Denver City Attorney's Office
Civil Litigation Section
201 West Colfax Ave., Dept. 1108
Denver, CO 80202
Email: kevin.mccaffrey@denvergov.org

*Attorneys for Defendant*
*City and County of Denver*

_____*s/ Barbara McCall*_____
Barbara McCall, Legal Assistant

*[Original Signatures on File at the Office of*
*Wells, Anderson & Race, LLC]*